**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| HOPE FRIOUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  1:24-cv-260 |
| | ) | |
| | ) | |
| THE WASHINGTON COUNTY HEALTH | ) | |
| CARE AUTHORITY, INC. d/b/a | ) | |
| WASHINGTON COUNTY HOSPITAL | ) | |
| AND NURSING HOME, | ) | |
| | ) | |
| Defendant. | | |

_____

## COMPLAINT

Plaintiff Hope Frioux brings this action against Defendant The Washington County Health Care Authority, Inc. d/b/a Washington County Hospital and Nursing Home ("Defendant"). Plaintiff seeks relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201, et seq. for the claims described herein.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2.      Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      The Plaintiff is an individual who was employed by Defendant from approximately August, 2021 – June, 2024 and worked at Defendant's facility in Washington County, Alabama. Plaintiff resides in Washington County, Alabama.

1

4.      Defendant is a corporation doing business in Alabama.  Defendant is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit.

5.      At all material times, Plaintiff and Defendant were subject to the FLSA. 29 U.S.C. § 203(r)(2). Defendant's employees, like Plaintiff, were engaged in interstate commerce and handle and/or work on goods that moved in and/or were produced in commerce.

6.      Defendant is an employer covered by the record-keeping and overtime mandates of the FLSA.

7.      The Plaintiff performed work for Defendant in Washington County, Alabama as a non-exempt, hourly, "employee" of Defendant as "employee" is defined by § 203(e)(1) of the FLSA.  She worked as a Radiology Technologist.

## FACTS

8.      These allegations concern Defendant's practices until March 25, 2024 when it changed its pay policies with regard to the Plaintiff's position.

9.      Plaintiff's regular schedule was four shifts a week. She was expected to clock in by 5:30 p.m. and typically would finish work and clock out at approximately 7:00 a.m.  Defendant's written policies required her presence at its facility. Its written policies also stated that Plaintiff was permitted to leave the facility for a meal break, while remaining available by phone and within a limited area. Almost all of Plaintiff's shifts were worked at night, and what she actually had to perform as work activities varied dramatically depending on how many patients (if any) were present for treatment and whether any treatment those patients needed involved the services of a Radiology Technologist.

10.      Plaintiff was also sometimes assigned additional weekend shifts.

11.     Typically, when Plaintiff worked only her regular shifts she was paid for 52 hours. Sher was not paid at for any time at a rate that was 1.5 multiplied by her regular rate. Instead, she was paid the equivalent of "straight time" for her hours worked.

12.     From August, 2021 - October 8, 2022 Plaintiff was paid $15.50 an hour (and $13.60 an hour for weekend shifts). From October 9, 2022 – September 23, 2023 she was paid $15.81 an hour (and $16.64 an hour for weekend shifts). From September 24, 2023 – March 23, 2024 she was paid $16.28 an hour (and $16.64 an hour for weekend shifts).

13.     As illustrative example, for the two weeks from October 10 – 23, 2021 Plaintiff was paid for 52 hours each week at a rate of $15.50 per hour. Under the FLSA she should have been paid for compensable hours worked in excess of 40 hours each week at a rate of $23.25 / hour rather than $15.50.

14.     Plaintiff alleges that while she almost always was able to take a 30 minute uninterrupted meal break, the meal breaks she took were subject to occasional interruption by work requirements as dictated by patient needs.

15.     Defendant did not maintain records of when any meal breaks for Plaintiff began, ended, or were interrupted. It does have records reflecting when Plaintiff performed certain work tasks involving patients.

16.     Plaintiff alleges that a reasonable estimate of amounts she was underpaid for overtime over the three year period provided by the FLSA for "willful" violations can be calculated as follows:

    16.1     Until October 8, 2022 (when she was generally paid $15.50 / hour) there were 625.75 hours she worked pursuant to her regular schedule that she was paid $7.75 hour less for overtime than the FLSA requires (totaling **$4,849.56**) During

the same period there were 99 hours that she worked on weekends that she was paid approximately $7.43 less an hour than the FLSA requires (totaling $**735.57).**

16.2   From October 9, 2022 – September 23, 2023 (when she was generally paid $16.28 an hour)  there were 132 hours she worked pursuant to her regular schedule that she was paid $7.90 hour less for overtime than the FLSA requires (totaling $**3,519.70**) During this period there were not additional weekend hours worked during weeks Plaintiff worked more than 40 hours.

16.3   From September 24, 2023 – March 23, 2024 (when she was generally paid $16.28 an hour) there were 215.75 hours she worked pursuant to her regular schedule that she was paid $8.14 hour less for overtime than the FLSA requires (totaling $**1,756.20**) During this period there were an additional 38.75 weekend hours worked during weeks Plaintiff worked more than 40 hours that she was paid approximately $8.32 / hour less than the FLSA requires (totaling $**320.44**).

17.   Approximately 446.50 of these hours under her regular schedule and 86 of the weekend hours were worked prior to June 5, 2022.

18.   Upon information and belief, Defendant's failure to pay Plaintiff overtime pay, to which she was entitled under the FLSA as alleged herein was willful, intentional, unreasonable, and not in good faith as those terms are construed in connection with the FLSA.

## COUNT I
(Violations of the FLSA)

19.   All preceding allegations are incorporated as though fully set forth herein.

20.   Plaintiff is an employee fully entitled to the FLSA's protections.

21.     Defendant is an employer covered by the FLSA.

22.     The FLSA entitles employees to pay at 1.5 times the employee's regular hourly rate for hours worked in excess of 40 hours a week.  29 U.S.C. § 207(a). Plaintiff was paid less by Defendant.

23.     By failing to pay overtime at 1.5 times the regular hourly rate for all hours worked in excess of 40 hours in a work week, Defendant violated the FLSA's overtime pay mandate.

24.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

25.     Plaintiff is entitled to recover for unpaid and underpaid overtime compensation.

26.     Plaintiff is entitled to recover liquidated damages.

27.     Plaintiff is entitled to recover reasonable attorney's fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A.     An order directing Defendant, at its own expense, to investigate and account for the number of compensable hours actually worked by Plaintiff for each workweek, and the hourly rates for each hour worked, the amount(s) paid for overtime for each workweek, and the rates of overtime pay.

B.     Judgment for damages under the FLSA for all unpaid and/or underpaid and/or late paid overtime compensation under the FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

C.     Judgment for liquidated damages pursuant to FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*  in an amount equal to all compensation owed to

Plaintiffs under the FLSA for unpaid, underpaid, or late paid overtime compensation during the applicable statutory period.

   D. An order directing Defendant to pay Plaintiff's reasonable attorneys' fees and all costs connected with this action.

   E. Such other and further relief as to this Court may deem necessary, just, and proper.


       Respectfully Submitted.

       DAVIS, DAVIS AND ASSOCIATES, P.C.
       By: /s/ *Ian D. Rosenthal*
       Ian D. Rosenthal – ROSEI6905
       27180 Pollard Road
       Daphne, AL 36526
       Telephone: (251) 621-1555
       Email: ian@ddalawfirm.com


       Max Cassady (cassh0819)
       CASSADY & CASSADY, P.C.
       201 Rural St.
       Evergreen, Alabama 36401
       Tel: 251.207.7000
       Fax: 888.304.7262
       maxcassady@gmail.com


DEFENDANT HAS AGREED TO ACCEPT SERVICE BY E-MAIL THROUGH ITS COUNSEL:

  Lynlee W. Palmer
  Jackson Lewis P.C.
  Synovus Center
  800 Shades Creek Parkway
  Suite 870
  Birmingham, AL 35209
  Lynnlee.Palmer@JacksonLewis.com